UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>　　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>LANGLEY PARTNERS, L.P., NORTH OLMSTED PARTNERS, L.P., QUANTICO PARTNERS, L.P., AND JEFFREY THORP,<br><br>　　　　　　　　　　　　Defendants. | Case No. 1:06CV00467 (JDB) |

## MOTION FOR PAYMENT TO THE UNITED STATES TREASURY

Plaintiff Securities and Exchange Commission moves for an order directing payment to the United States Treasury of funds presently in the Registry of the Court. The grounds for this motion are set forth in the accompanying memorandum. A proposed form of order also accompanies this motion.

Respectfully submitted,

_____
Scott W. Friestad
Robert B. Kaplan
Daniel T. Chaudoin (Bar No. 458659)
Anthony S. Kelly
Julie M. Riewe (Bar No. 472470)

Attorneys for Plaintiff
Securities and Exchange Commission
100 F Street, N.E.
Washington, D.C. 20549
(202) 551-4952 (Chaudoin)
(202) 772-9231 (fax) (Chaudoin)
chaudoind@sec.gov

Date:   February 2, 2007

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SECURITIES AND EXCHANGE COMMISSION,

                Plaintiff,

v.

LANGLEY PARTNERS, L.P., NORTH OLMSTED
PARTNERS, L.P., QUANTICO PARTNERS, L.P.,
AND JEFFREY THORP,

                Defendants.

Case No. 1:06CV00467 (JDB)

**PLAINTIFF SECURITIES AND EXCHANGE COMMISSION'S
MEMORANDUM SUPPORTING MOTION
FOR PAYMENT TO THE UNITED STATES TREASURY**

Plaintiff Securities and Exchange Commission ("SEC") files this memorandum in support of its motion for an order directing payment to the United States Treasury of funds presently in the Registry of the Court.

**I.    INTRODUCTION**

The SEC brought this action against Langley Partners, L.P., North Olmsted Partners, L.P., Quantico Partners, L.P., and Jeffrey Thorp ("Defendants") claiming that they violated the federal securities laws. The Complaint alleged that Defendants perpetrated an illegal trading scheme to evade the registration requirements of the federal securities laws in connection with twenty-three unregistered securities offerings, which are commonly referred to as "PIPEs" (Private Investment in Public Equity). From 2000 to 2002, defendants realized more than $7,000,000 in ill-gotten gains as a result of the unlawful trading scheme, which violated the antifraud and registration

provisions of the federal securities laws. This action has now been resolved with respect to each of the Defendants.

The Court's Final Judgment against three of the Defendants, Langley Partners, L.P., North Olmsted Partners, L.P., and Quantico Partners, L.P., entered on March 20, 2006, enjoined them from violating Section 10(b) of the Securities Exchange Act of 1934 [15 U.S.C. § 78j(b)] and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5], and Sections 5 and 17(a) of the Securities Act of 1933 [15 U.S.C. §§ 77e and 77q(a)], and required them to pay, jointly and severally, disgorgement of $7,048,528 plus prejudgment interest in the amount of $1,769,400, and a civil penalty of $4,700,000.

The Court's Final Judgment against Defendant Jeffrey Thorp, entered on March 20, 2006, enjoined him from violating Section 10(b) of the Securities Exchange Act of 1934 [15 U.S.C. § 78j(b)] and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5], and Sections 5 and 17(a) of the Securities Act of 1933 [15 U.S.C. §§ 77e and 77q(a)], and required him to pay a civil penalty of $2,300,000.

The Court has ordered the Clerk of the Court to hold the funds received in this case in the Court Registry Investment System ("CRIS") account established by the Court for this case. In the course of this action, the CRIS account received deposits totaling $8,817,928, all of which came from Langley Partners, L.P. These funds await the Court's approval of a distribution plan to be submitted by the SEC.

The SEC now requests that the Court enter an order directing that these funds and interest earned be paid into the United States Treasury. The time is ripe for the Court to order a final disposition of the money in the CRIS account. Although it is the SEC's policy wherever possible

to recommend a distribution plan by which unlawful gains are paid to defrauded investors, the facts and circumstances of this case make it impracticable to identify injured parties with quantifiable claims. Accordingly, the SEC moves the Court to enter the accompanying proposed order directing the CRIS to pay the deposited sums, plus all accrued interest, to the United States Treasury.

## II.     PROPOSAL FOR PAYMENT TO TREASURY

### A.     The Equitable Remedies Ordered in This Case

As the Second Circuit has observed: "Once the district court has found federal securities law violations, it has broad equitable power to fashion appropriate remedies, including ordering that culpable defendants disgorge their profits." *SEC v. First Jersey Secs., Inc.*, 101 F.3d 1450, 1474 (2d Cir. 1996), *cert. denied*, 522 U.S. 312 (1997); *see also SEC v. Lorin*, 76 F.3d 458, 461-62 (2d Cir. 1996) (per curiam); *SEC v. Posner*, 16 F.3d 520, 521 (2d Cir. 1994), *cert. denied*, 573 U.S. 1077 (1995); *SEC v. Manor Nursing Centers, Inc.*, 458 F.2d 1082, 1103-04 (2d Cir. 1972). The equity jurisdiction of this Court has been properly invoked by a showing of a securities law violation.

### B.     The Funds in the CRIS Account Should Be Distributed to the Treasury

"[T]he primary purpose of disgorgement is not to compensate investors. Unlike damages, it is a method of forcing a defendant to give up the amount by which he was unjustly enriched." *SEC v. Commonwealth Chemical Securities, Inc.*, 574 F.2d 90, 102 (2d Cir. 1978) (Friendly, J.). *See also First Jersey*, 101 F.3d at 1474; *SEC v. Wang*, 944 F.2d 80, 85 (2d Cir. 1991) (same); *SEC v. Tome*, 833 F.2d 1086, 1096 (2d Cir. 1987) (same), *cert. denied*, 486 U.S. 1014 (1988),

3

*and cert. denied*, 486 U.S. 1015 (1988). In *Tome*, the court added that "'[o]nce the Commission has established that a defendant has violated the securities laws, the district court possesses the equitable power to grant disgorgement without inquiring whether, or to what extent, identifiable private parties have been damaged by [the] fraud.' Whether or not any investors may be entitled to money damages is immaterial." 833 F.2d at 1096 (quoting *SEC v. Blavin*, 760 F.2d 706, 713 (6th Cir. 1985)).

Although disgorged money is often distributed to victims of the violation in accordance with a plan proposed by the SEC and approved by the court, such a distribution is not required by statute, and may be impracticable "where numerous victims suffered relatively small amounts ...; where the victims cannot be identified ...; [or] where there are no victims entitled to damages." *SEC v. Lorin*, 869 F. Supp. 1117, 1129 (S.D.N.Y. 1994) (citations omitted); *see SEC v. Drexel Burnham Lambert, Inc.*, 956 F. Supp. 503, 507 (S.D.N.Y. 1997), *aff'd sub nom. SEC v. Fischbach*, 133 F.3d 170 (2d Cir. 1997). Thus, whether it is feasible and appropriate to effect such a distribution depends on whether there are identifiable victims who were injured by the violation and, if so, whether the costs associated with identifying them and distributing the money can be justified relative to the *pro rata* amounts the victims stand to receive. Where distribution to identifiable injured parties is not feasible or appropriate, the money disgorged by the defendant has been paid to the Treasury. *See, e.g., SEC v. Dimensional Entertainment Corp.*, 1996 WL 107290 (S.D.N.Y. 1996) (ordering payment to Treasury of disgorgement fund of $366,277 in complex fraud case involving unlawful distribution and manipulation of securities); *SEC v. Marcus Schloss & Co., Inc.*, 714 F. Supp. 100 (S.D.N.Y. 1989) (denying third party claim against disgorgement fund in insider trading case and ordering payment of disgorgement money

to Treasury); *SEC v. Courtois*, [1984-85 Transfer Binder] Fed. Sec. L. Rep. (CCH) ¶ 92,000 (S.D.N.Y. Apr. 11, 1985) (disgorgement paid to Treasury in view of difficulty of identifying particular claimants and likelihood that distribution would result in only nominal distribution to claimants).

Given the facts and circumstances of this case, distribution of the funds in the CRIS account other than to the Treasury would be neither feasible nor appropriate. Defendants' unlawful conduct spanned twenty-three PIPE offerings. It would be a monumental task to determine who bought or sold the PIPE issuers' securities during the period relevant for each PIPE, and a similarly monumental task to determine who was on the buy-side of Defendants' unlawful securities sales. Moreover, even if those two categories of investors could be identified, it would require an even greater effort to determine whether, and if so, how much, each investor lost due to Defendants' securities law violations. Such an effort would require determining when the investors bought, when they sold, and for how much. In view of the difficulty of identifying the innumerable victims, determining the amount of losses of each investor, and distributing the funds, the disgorgement would not cover the cost of administrative fees in this case. Finally, the violations here occurred between four and six years ago. This passage of time will substantially increase the expense and difficulty in locating investors.

Thus, the cost of identifying investors, determining how much they lost, and distributing the recovered funds on a *pro rata* basis would be unfeasible, given the amount of recovered funds, the potentially large number of defrauded investors, and the time that has elapsed since the fraud occurred. Consequently, the Commission believes it is not feasible to distribute the funds in the Registry of the Court to investors. Accordingly, instead of attempting to distribute to

defrauded investors the funds in the CRIS account and any other recovered funds, it would be more feasible and appropriate to pay the funds into the Treasury.

### III. CONCLUSION

For the foregoing reasons, the SEC requests that the Court order that the disgorgement paid in this action, specifically the funds presently in the CRIS account, plus interest thereon, as well as any other funds obtained from the defendants, be disbursed to the SEC which will remit the funds into the United States Treasury.

Respectfully submitted,

Scott W. Friestad
Robert B. Kaplan
Daniel T. Chaudoin (Bar No. 458659)
Anthony S. Kelly
Julie M. Riewe (Bar No. 472470)

Attorneys for Plaintiff
Securities and Exchange Commission
100 F Street, N.E.
Washington, D.C. 20549
(202) 551-4952 (Chaudoin)
(202) 772-9231 (fax) (Chaudoin)
chaudoind@sec.gov

Date:   February 2, 2007

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SECURITIES AND EXCHANGE COMMISSION,

　　　　　　　　　　　　　Plaintiff,

v.

LANGLEY PARTNERS, L.P., NORTH OLMSTED PARTNERS, L.P., QUANTICO PARTNERS, L.P., AND JEFFREY THORP,

　　　　　　　　　　　　　Defendants.

Case No. 1:06CV00467 (JDB)

## ORDER DIRECTING PAYMENT TO TREASURY

Upon consideration of plaintiff Securities and Exchange Commission's Motion for Payment to the United States Treasury and all responses thereto,

IT IS HEREBY ORDERED that the Clerk of this Court pay all funds presently being held in the Registry in connection with the above captioned action, together with all interest accrued thereon, by check to the order of the Securities and Exchange Commission. The check shall be delivered or mailed to the Office of Financial Management, Securities and Exchange Commission, Operations Center, 6432 General Green Way, Mail Stop 0-3, Alexandria, Virginia 22312, under cover of a letter copied to the Commission's counsel of record that identifies the caption and action number of this case and the name of this Court, and that indicates that the funds are being paid for deposit by the Comptroller, Securities and Exchange Commission, into the United States Treasury; and

IT IS FURTHER ORDERED that upon receipt of such funds, the Office of Financial Management, Securities and Exchange Commission, shall promptly remit the funds to the United States Treasury.

SO ORDERED.

                                                                                                    _____

                                                                                             UNITED STATES DISTRICT JUDGE

Date: _____, 2007

## CERTIFICATE OF SERVICE

I, Julie M. Riewe, hereby certify that on Friday, February 2, 2007, I served copies of Motion for Payment to the United States Treasury, Plaintiff Securities and Exchange Commission's Memorandum Supporting Motion for Payment to the United States Treasury, and draft Order Directing Payment to Treasury on the following party by way of electronic mail and U.S. mail:

Andrew G. Gordon, Esq.
Paul, Weiss, Rifkind, Wharton & Garrison LLP
1285 Avenue of the Americas
New York, NY 10019-6064
agordon@paulweiss.com

*Counsel for Langley Partners, L.P., North Olmsted Partners, L.P., Quantico Partners, L.P., and Jeffrey Thorp*

2/2/07
Date

Julie M. Riewe